**BURSOR & FISHER, P.A.**
L. Timothy Fisher (SBN 191626)
Joel D. Smith (SBN 244902)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
         jsmith@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (SBN 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KI BURKE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KITTRICH CORPORATION,<br><br>Defendant. | **Case No.**  2:18-cv-6819<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiff Ki Burke ("Plaintiff"), by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge, against Defendant Kittrich Corporation ("Defendant").

## NATURE OF ACTION

1. This is a class action lawsuit on behalf of purchasers of Ecosmart Insect Repellent (the "Product" or "EcoSmart") in the United States.

2. Defendant represents that the Product is an "insect repellent" that "keeps away mosquitoes" and "repels for hours." The instructions direct users to "apply every 2-3 hours."




CLASS ACTION COMPLAINT 1

3. Unfortunately for consumers however, the Product is a complete sham. Scientific evidence shows that the Product does not repel mosquitoes. The product is ineffective and worthless.

4. Independent laboratory testing commissioned by Plaintiff's counsel in early 2018 revealed that the Product was ineffective in repelling Aedes mosquitoes and Culex mosquitoes – the two most worrisome and common species of mosquitoes found in the United States. Defendant's Product failed the laboratory testing almost immediately. All of the test subjects were bitten by both species of mosquitoes within the first testing interval—half an hour. This is a stark contrast from Defendant's representation that the Product should be applied "every 2-3 hours." Photographs of some of the Product's test subjects being bitten by mosquitoes shortly after application of the Product are shown below:



CLASS ACTION COMPLAINT                                      2



5. Upon information and belief, Defendant has sold millions of units of the Product by promising consumers an effective bug repellent.

6. Plaintiff is a purchaser of the Product who asserts claims on behalf of herself and similarly situated purchasers of the Product for violations of the consumer protection laws of California, violation of the Magnuson-Moss Warranty Act, unjust enrichment, breaches of express and implied warranty, and fraud.

## PARTIES

7. Plaintiff Ki Burke, is, and at all times relevant to this action has been, a resident of San Pedro, California. Ms. Burke purchased the Product from a Target store in San Pedro, California in or about summer 2017 for approximately $6. Prior to purchase, Ms. Burke carefully read the Product's labeling, including representations that the Product is an "insect repellent" that "keeps away mosquitoes" and "repels for hours." Ms. Burke believed these statements to mean the Product would keep away mosquitoes and relied on them in that she would not have purchased the Product at all, or would have only been willing to pay a

CLASS ACTION COMPLAINT          3

substantially reduced price for the Product, had she known that these representations were false and misleading.

8. Defendant Kittrich Corporation is a California corporation with its principal place of business at 1585 W. Mission Boulevard, Pomona CA 91766.

9. Defendant manufactures, markets, and distributes the Product throughout the United States.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from one Defendant.

11. This Court has personal jurisdiction over Defendant Kittrich Corporation because Defendant's principal place of business is in this District and because Defendant conducts substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District, a substantial part of the events giving rise to Plaintiff's claims took place within this District (*e.g.*, the research, development, design, and marketing of the Product), and Defendant's principal place of business is in this District.

## CLASS REPRESENTATION ALLEGATIONS

13. Ms. Burke seeks to represent a class defined as all persons in the United States who purchased EcoSmart Insect Repellent (the "Class"). Excluded from the Class are persons who made such purchase for purpose of resale.

14. Ms. Burke also seeks to represent a subclass defined as all Class members who purchased EcoSmart Insect Repellent in California (the "California Subclass").

15. Members of the Class and California Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class and California Subclass number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

16. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to whether Defendant's labeling, marketing and promotion of the Product is false and misleading.

17. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff was exposed to Defendant's false and misleading marketing and promotional materials and representations, purchased the Product, and suffered a loss as a result of that purchase.

18. Plaintiff is an adequate representative of the Class and California Subclass because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

19. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a

potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### (Unfair and Deceptive Acts and Practices in Violation of the California Consumers Legal Remedies Act)

20. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

21. Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

22. This cause of action is brought pursuant to California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1785 (the "CLRA").

23. Plaintiff and the other members of the California Subclass are "consumers," as the term is defined by California Civil Code § 1761(d), because they bought the Product for personal, family, or household purposes.

24. Plaintiff, the other members of the California Subclass, and Defendant have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

25. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

26. As alleged more fully above, Defendant has violated the CLRA by falsely representing to Plaintiff and the other members of the California Subclass that

the Product is an "insect repellent" that "keeps away mosquitoes" and "repels for hours" when the product in fact does not.

27. As a result of engaging in such conduct, Defendant has violated California Civil Code § 1770(a)(5), (a)(7) and (a)(9).

28. CLRA § 1782 NOTICE. On July 2, 2018, a CLRA demand letter was sent to Defendant via certified mail that provided notice of Defendant's violation of the CLRA and demanded that within thirty (30) days from that date, Defendant correct, repair, replace or other rectify the unlawful, unfair, false and/or deceptive practices complained of herein. The letter also stated that if Defendant refused to do so, a complaint seeking damages in accordance with the CLRA would be filed. Defendant has failed to comply with the letter. Accordingly, pursuant to California Civil Code § 1780(a)(3), Plaintiff, on behalf of herself and all other members of the California Subclass, seeks injunctive relief, compensatory damages, punitive damages, and restitution of any ill-gotten gains due to Defendant's acts and practices.

## COUNT II
### (Violations of California's False Advertising Law)

29. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

30. Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

31. As alleged more fully above, Defendant has falsely advertised the Product by falsely claiming that the Product is an "insect repellent" that "keeps away mosquitoes" and "repels for hours" when the Product in fact does not.

32. Plaintiff and the other members of the California Subclass have suffered injury in fact and have lost money or property as a result of Defendant's violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 et seq.

## COUNT III
### (Violation California's Unfair Competition Law)

33. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

34. Plaintiff brings this cause of action on behalf of herself and members of the California Subclass.

35. By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the California Subclass, by engaging in unlawful, fraudulent, and unfair conduct.

36. Defendant has violated the UCL's proscription against engaging in unlawful conduct as a result of:

    (a) its violations of the CLRA, Cal. Civ. Code § 1770(a)(5), (a)(7), and (a)(9), as alleged above; and

    (b) its violations of the FAL, Cal. Bus. & Prof. Code § 17500 *et seq.* as alleged above.

37. Defendant's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

38. As more fully described above, Defendant's misleading marketing, advertising, packaging, and labeling of the Product is likely to deceive reasonable consumers. Indeed, Plaintiff and the other members of the California Subclass were unquestionably deceived regarding the nature of the Product, as Defendant's marketing, advertising, packaging, and labeling of the Product misrepresents and/or omits the true facts concerning the nature of the Product. Said acts are fraudulent business practices.

39. Defendant's acts and practices described above also violate the UCL's proscription against engaging in unfair conduct.

40. As a result of these misrepresentations, Plaintiff and members of the California Subclass suffered economic injury because they would not have purchased the Product if they had known the Product was ineffective to repel mosquitoes, or would have only been willing to pay a substantially reduced price for the Product had they known the product was ineffective to repel mosquitoes.

41. There is no benefit to consumers or competition from deceptively marketing and labeling the Product, which purports to be an "insect repellent" that "keeps away mosquitoes" and "repels for hours" when these unqualified claims are false.

42. Plaintiff and the California Subclass members had no way of reasonably knowing that the Product they purchased was not as marketed, advertised, packaged, or labeled. Thus, they could not have reasonably avoided the injury each of them suffered.

43. The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and the California Subclass.

44. Defendant's violations of the UCL continue to this day.

45. Pursuant to California Business and Professional Code § 17203, Plaintiff and the California Subclass seek an order of this Court that includes, but is not limited to, an order requiring Defendant to:

    (a) provide restitution to Plaintiff and the other California Subclass members;

    (b) disgorge all revenues obtained as a result of violations of the UCL; and

    (c) pay Plaintiff's and the California Subclass' attorneys' fees and costs.

# COUNT IV
## (Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*)

46. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

47. Plaintiff brings this case individually and on behalf of the members of the proposed Class against Defendant.

48. EcoSmart is a consumer product as defined in 15 U.S.C. § 2301(1).

49. Plaintiff and Class members are consumers as defined in 15 U.S.C. § 2301(3).

50. Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

51. In connection with the sale of EcoSmart, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that it was an "insect repellent" that "keeps away mosquitoes" and "repels for hours." The period for effectiveness of the product was also stated in the directions: "apply every 2-3 hours."

52. In fact, EcoSmart is ineffective to repel mosquitoes.

53. By reason of Defendant's breach of warranty, Defendant violated the statutory rights due to Plaintiff and Class members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq., thereby damaging Plaintiff and Class members.

54. Plaintiff and Class members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased EcoSmart if they had known that EcoSmart was ineffective to repel mosquitos, and (b) they overpaid for EcoSmart on account of its misrepresentation that it is an "insect repellent" that "keeps away mosquitoes" and "repels for hours."

# COUNT V
## (Breach of Express Warranty)

55. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

56. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against Defendant.

57. In connection with the sale of the Product, Defendant, as the designers, manufacturers, marketers, distributors, and/or sellers, issued written warranties by representing that the Product was an "insect repellent" that "keeps away mosquitoes" and "repels for hours."

58. In fact, the Product does not conform to the above-referenced representations because the Product is ineffective at repelling mosquitoes.

59. Plaintiff and Class members were injured as a direct and proximate cause of Defendant's breach of express warranty because they would not have purchased the Product if they knew the truth about the product and its inability to repel mosquitoes, or would have only been willing to pay a substantially reduced price for the Product had they known the product was ineffective at repelling mosquitoes.

# COUNT VI
## (Breach of Implied Warranty)

60. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

61. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against Defendant.

62. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that EcoSmart was an "insect repellent" that "keeps away mosquitoes" and "repels for hours."

63. Defendant breached the warranty implied in the contract for the sale of EcoSmart because it could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose because EcoSmart is ineffective to repel mosquitoes. As a result, Plaintiff and Class members did not receive the goods as impliedly warranted by Defendant to be merchantable.

64. Plaintiff and Class members purchased EcoSmart in reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose.

65. EcoSmart was not altered by Plaintiff or Class members.

66. EcoSmart was defective when it left the exclusive control of Defendant.

67. Defendant knew that EcoSmart would be purchased and used without additional testing by Plaintiff and Class members.

68. EcoSmart was defectively designed and unfit for its intended purpose, and Plaintiff and Class members did not receive the goods as warranted.

69. Plaintiff and Class members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased EcoSmart had they known that it was ineffective to repel mosquitoes, and (b) EcoSmart did not have the characteristics, uses, or benefits as promised, namely that it was an "insect repellent" that "keeps away mosquitoes" and "repels for hours." As a result, Plaintiff and members of the Class have been damaged either in the full amount of the purchase price of the EcoSmart or in the difference in value between EcoSmart as warranted and EcoSmart as actually sold.

## COUNT VII
### (Unjust Enrichment)

70. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

71. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against Defendant.

72. Plaintiff and Class members conferred benefits on Defendant by purchasing the Product.

73. Defendant has knowledge of such benefits.

74. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' purchases of the Product. Retention of those moneys under these circumstances is unjust and inequitable because Defendant misrepresented that the Product is an "insect repellent" that "keeps away mosquitoes" and "repels for hours."

75. Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and Class members for its unjust enrichment, as ordered by the Court.

## COUNT VIII
### (Fraud)

76. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

77. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and California Subclass against Defendant.

78. As discussed above, Defendant misrepresented on the Product's labeling that it is an "insect repellent" that "keeps away mosquitoes" and "repels for hours."

79. The false and misleading representations and omissions were made with knowledge of their falsehood. Nonetheless, Defendant continues to sell their ineffective and worthless Product to unsuspecting consumers.

80. The false and misleading representations were made by Defendant, upon which Plaintiff and members of the proposed Class and California Subclass reasonably and justifiably relied, and were intended to induce and actually induced Plaintiff and members of the Class and California Subclass to purchase the Product.

81. The fraudulent actions of Defendant caused damage to Plaintiff and members of the Class and California Subclass, who are entitled to damages and other legal and equitable relief as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the nationwide Class and the California Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and California Subclass and Plaintiff's attorneys as Class Counsel to represent the members of the Class and California Subclass;

b. For an order declaring the Defendant's conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff, the nationwide Class, and the California Subclass on all counts asserted herein;

d. For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For an order requiring Defendant to undertake a corrective advertising campaign;

h. For injunctive relief as pleaded or as the Court may deem proper; and

i. For an order awarding Plaintiff and the Class and California Subclass their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

| | | |
|---|---|---|
| 1 | Dated: August 7, 2018 | Respectfully submitted, |
| 2 | | **BURSOR & FISHER, P.A.** |
| 3 | | By:    */s/ L. Timothy Fisher* |
| 4 | |         L. Timothy Fisher |
| 5 | | L. Timothy Fisher (SBN 191626) |
| | | Joel D. Smith (SBN 244902) |
| 6 | | 1990 North California Blvd., Suite 940 |
| | | Walnut Creek, CA  94596 |
| 7 | | Telephone: (925) 300-4455 |
| | | Facsimile: (925) 407-2700 |
| 8 | | Email: ltfisher@bursor.com |

**BURSOR & FISHER, P.A.**
Scott A. Bursor (SBN 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Counsel for Plaintiff*

## CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)

I, Ki Burke, declare as follows:

1. I am a plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2. The complaint filed in this action is filed in the proper place for trial under California Civil Code Section 1780(d) in that Defendants conduct a substantial amount of business in this District.

3. In summer 2017, while living in California, I purchased EcoSmart Organic Insect Repellent (the "Product") from a Target store located in San Pedro, California for approximately $6. In purchasing the Product, I relied on Defendants' representation that the Product is an "insect repellent" and "keeps away mosquitoes," which were depicted in large text on the front label underneath a picture of a smiling family. I understood this representation to mean that the Product would keep away mosquitoes upon application. This representation was a substantial factor influencing my decision to purchase the Product. I would not have purchased the Product or would have only been willing to pay a substantially reduced price for the Product had I known that this representation was false and misleading.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on August 6, 2018 at Los Angeles, California.

Ki Burke